IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| EZELL ROBINSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 2:14CV00076-JJV |
| Commissioner, Social Security | * | |
| Administration | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ezell Robinson, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits under Title II of the Social Security Act and for supplemental security income ("SSI") benefits under Title XVI of the Act. On December 16, 2014, the Court held oral argument at Plaintiff's request. E. Gregory Wallace, Esq., appeared by telephone for Mr. Robinson. Special Assistant United States Attorney Mark J. Kingsolver appeared by telephone for the Commissioner. The attorneys are commended for their diligence in this matter. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On November 10, 2011, Mr. Robinson protectively filed for benefits due to diabetes, kidney problems, prostate problems, and high blood pressure. (Tr. 204) His claims were denied initially and upon reconsideration. At Mr. Robinson's request, an Administrative Law Judge ("ALJ") held a hearing on January 14, 2013, where Mr. Robinson appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. Robinson and a vocational expert ("VE"). (Tr. 26-63)

The ALJ issued a decision on February 14, 2013, finding that Mr. Robinson was not disabled

under the Act. (Tr. 11-21) The Appeals Council denied Mr. Robinson's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4)

Mr. Robinson, who was fifty-nine years old at the time of the hearing, has a partial high school education and past relevant work experience as a component assembler, gas station auto detailer, and lubrication servicer. (Tr. 20, 32, 34, 58-59, 408)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Robinson had not engaged in substantial gainful activity since August 18, 2010, and he had the following severe impairment: diabetes mellitus with neuropathy. (Tr. 14) However, the ALJ found that Mr. Robinson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17)

According to the ALJ, Mr. Robinson has the residual functional capacity ("RFC") to do medium work, except that he would need to sit for ten minutes after every hour of standing and/or walking. (Tr. 17) The VE testified that a job available with this limitation was a machine feeder. (Tr. 60) Accordingly, the ALJ determined that Mr. Robinson could perform a significant number of other jobs existing in the national economy, and found that he was not disabled.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

**III.   ANALYSIS**

    **A.   Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

    **B.   Mr. Robinson's Arguments for Reversal**

Mr. Robinson asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence in the record as a whole. (Doc. No. 14) Mr. Robinson argues that the ALJ erred in finding he could do medium work, because Mr. Robinson "cannot stand or walk for prolonged periods of time." (*Id.*)  Mr. Robinson also points out that Dr. Waddy, who examined him in February 2012, "noted" that Mr. Robinson was having pain in both legs and could walk only three blocks. (*Id.*)  Dr. Waddy concluded that Mr. Robinson would have "moderate to severe" limitations with walking, lifting, and carrying. (Tr. 353)

Contrary to Mr. Robinson's assertion, there was substantial evidence to support the ALJ's finding of medium work.  Regarding Dr. Waddy's notations about pain from walking, it should be noted that this is what Mr. Robinson told Dr. Waddy, not a medical finding.  Additionally, the notes

---

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4] *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5] *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

reflect that these problems arose when Mr. Robinson was doing "brisk walking." (Tr. 350) Moreover, in May 2011, Mr. Robinson reported that he exercises by walking daily. (Tr. 289) In fact, Mr. Robinson's treating physician recommended that he walk for exercise. (Tr. 415, 420)

As to Dr. Waddy's conclusion that Mr. Robinson would have "moderate to severe" limitations walking, lifing, and carrying, the ALJ properly assessed this finding and pointed out the medical evidence to the contrary when giving the findings less weight. The ALJ noted that Dr. Waddy's examination was "essentially normal." (Tr. 18) Mr. Robinson testified that up to the summer of 2011, he helped his wife by sweeping floors, carrying out boxes, etc., at her flea market. (Tr. 38) The ALJ also noted that Mr. Robinson washed cars and mowed lawns for money after the alleged onset date. (Tr. 19, 34-36) Mr. Robinson reported shoulder pain in June 2011, but that pain was after moving furniture - an activity that supports the ALJ's medium work determination and is contrary to Mr. Robinson's disability claim. So, any lifting and shoulder or back pain appear to be from isolated instances of overexertion.

Other factors also weighed against Dr. Waddy's conclusion and the credibility of Mr. Robinson's claims. In his function report, Mr. Robinson indicated that he uses a cane, but he did not use a cane or have trouble walking when he was examined by Dr. Waddy, nor was he ever prescribed a cane. (Tr. 19, 232) As the ALJ noted, since May 15, 2012, Mr. Robinson reported to his doctors that "Nuerontin takes care of the pain" in his feet.[6] (Tr. 19, 407) Finally, Mr. Robinson has a history of not taking his medicine, which results in problems with his blood pressure and diabetes.[7] (Tr. 289, 413, 417) Though Mr. Robinson blames his lack of compliance on financial problems, the

---

[6]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

[7]*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

Court notes that Mr. Robinson has been a smoker for forty years and continues to smoke, despite being asked to stop by his doctor. (Tr. 414) Smoking is an expensive, ongoing habit that can be considered when weighing Mr. Robinson's credibility. Additionally, it is a habit that directly exacerbates his medical conditions.[8]

## IV.   CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 18th day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[8] *Mouser v. Astrue*, 5454 F.3d 634, 638 (8th Cir. 2008) (holding that "there is no dispute that smoking has a direct impact on [claimant's] pulmonary impairments. Thus, the ALJ appropriately considered [his] failure to stop smoking in making his credibility determination.").